United States District Court

Albert Raines

vs

Comm of Massachusetts

Indictment # 04-10100

FILED
IN CLERKS OFFICE

2005 MAR -7 P 4:26

05-10F

Referred to District Court of Mass.

Habeas Corpus petition filed under Title 28 2254(D), 1 and 2. An application for a writ of Habeas Corpus on Behalf of a person in Custody pursuant to the Judgement of a State Court shall not Be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim . . . (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

Petitioner alleges under 28 U.S.C. 2254(d) Findings of Facts, made by either the State trial court or State appellate court after a full, fair and adequate hearing, are presumed to be correct and are binding on the Federal Court . . . 28 U.S.C. 2254(d) Sumner vs Mata 449 U.S. 539, 546, 101 S.Ct. 764, 768-69, 66 L Ed 722(1981) Factual Findings may be determined in Federal Court, or may be set aside in Federal Court in certain circumstances enumerated in 28 U.S.C. Sec 2254(d) . . . That the material facts were not adequately developed at the State Court hearing . . . that the applicant did not receive a full, fair and adequate hearing in the State Court proceeding . . . That the applicant was otherwise denied due process of law in the State Court proceeding.

(2)

Jurisdiction 2254(d) 1 and 2

(d)(1) The adjudication of Petitioners Claim (1) Resulted in a decision that was Based on an Unreasonable determination of the Facts clearly Established in Both Federal Law and State case Law. Petitioner avers that the police action in this case was Based on Some information Received by an Un named or unknown Security Staff at St. Francis House (Grand Jury Minutes pg 6 lines 20-24) When a unknown informate is the Basis for police action; the two prong Standard of Aguilar-Spinelli. The principles developed under Aguilar v TEXAS 378 U.S 108, 84 S. Ct. 1509, 122, Ed. 2d 723 (1964) and Spinelli vs United States 393 U.S. 410 89 S.Ct. 584, 21 L. Ed. 2d. 637 (1969) made applicable to this Commonwealth thru Comm vs Upton 394 mass 363, 373-378, 476 N.E. 2d 548, 553-558 (1985) are the First Criteram to Be met... (1) Some of the underlying Circumstances from which the informant concluded that the Contraband was where he claimed it was (the Basis of Knowledge test), and (2) and Some of the underlying Circumstances from which the police concluded that the informant was credible or his information reliable (The Veracity test)

(d)(2) Resulted in a decision that was Based on an Unreasonable determination of the facts in light of the Evidence presented in the State Court proceeding. Petitioner avers that Because Counsel was appointed on 2-23-04. (Atty Frank Santisi) Petitioner States that his Substantive Rights were not Knowingly Waived and his appointed Counsel is without Authority to waive any Substantive Rights of his Client, unless Specifically Authorized to do so. State vs Ducolt 19 Wash. App. 709, 578 P. 2d. 43.

## Questions Presented

(1) Are Substantive Rights (1) Free an open access to the Courts? (2) Does the Right to represent one's self (pro-se) fall under the category of Substantive Rights?

(2) When counsel is appointed, does a defendant lose the Right to proceed - pro-se - before the Court?

(3) When counsel is appointed, do the defendant lose the right to free an open access to the Court?

## Argument

Petitioner alleges that he was denied due process, Because the McCarthy motion that was submitted pro-se and docketed on the defendants Case Summary on 6-4-04 line item 17 was not heard; and has never been withdrawn by the defendant.

Petitioner alleges that he has been denied due process of law; free and open access to the Court and his pro-se Right to represent himself. All of which being contrary to the Laws of the land an the United States Constitution.

Petitioner alleges that this pro-se motion should Be held at a less regit standard and therefore request the protection of the Court.

Petitioner first alleges that there was no Indicia presented to the Grand Jury by the enformant (unknown Security Guard) or the police officer. There was no name given or description presented to Base an investigation own. As a matter of record (Grand Jury minutes) there exist no evidence that the defendant actions represent or was described as criminal activity; The defendant was not alleged to pass anything nor was anybody observed picking anything up, or

(4)

Wherefore the indictment supports two inconsistant propositions and is, therefore conjecture Based, defective, Requiring and evidentiary hearing to resolve the matter. As a minimum cases like Comm v Tripp 14 mass app. Ct. 997, 440. N.E 2d 1286, Comm v Senati 3 mass App. Ct at 308, 327 N.E 2d 906, Comm v Reid mass App. Ct. 537, 562 N.E 2d 1362 are overriding on the claim of insufficiency of the evidence of distribution or intent to distribute. Where two inconsistant propositions are presented, neither can be said to have been developed by legitomet means, leaving the Grand Jury with conjecture. A review of the Grand Jury minutes pages (4-12) Reveals the police officer Reported two inconsistant propositions. The 1st proposition Represents the personal actions of mr. Raines; an unknown woman woman passed money to mr. Raines, mr. Raines placed the money in his wallet. mr. Raines spit in a napkin an Began to eat a piece of chicken; The 2nd Second proposition as reported by the police officer represents the actions of others around mr. Raines, a lot of people would come up to mr. Raines, mr. Raines would look around an point in the ~~~~ direction outside the Atrium. The people sitting Besides mr. Raines would get up and escort them outside the atrium. A Security guard named Kenny walked into the atrium and the unknown female walked out.
(observations of Police officer) an unknown defendant, (mr. Raines) grand Jury minutes (pg 7 lines 2-8) and an unknown woman passing him money; People not Identified as known Drug users or Drug Sellers came up to the defendant, No drugs was found on Defendant, defendant not observed passing anything to anybody, No one was observed picking anything up around the defendant. The commonwealth offered no

(5)

there was nothing about the packaging size or value of the one Bag to indicate that Sales where intended. Comm v Scala 380 Mass 500 mass Adv. SH(1980)1077, 1088, 404 N.E. 2d 83. No contact Between the defendant and any known drug users was observed, contrast Comm v Cooke, 3 mass. App. 708, 323 N.E. 2d 83 There was no evidence that the defendant was not a user of drugs Contrast comm vs Nichols 4 mass App. 606, 614, 356 N.E. 2d 464 (1976) There was nothing to show that the defendants drugs were part of a larger stash. Contrast comm v Brown mass. app. ct. adv. SH(1981) 2037, 429. N.E. 2d 47

Cases which have sustained a finding of Intent to distribute based on quantity alone have relied on amounts far greater than the amounts here.

Wherefore it is prayed that an evidentiary hearing Be granted and this Habeas Corpus Petition Be approved; In United States vs Clifford Bowden 799 F.2d 593 Habeas Corpus 766 197K 766 formerly 197K 90-1
Federal District Courts grant of evidentiary hearing in connection with habeas corpus petition to permit additional evidence not duplicative of that presented in State court was proper where defendant alleged that he had not received a full and fair opportunity to develope certain facts at State hearing.

Respectfully Submitted,
Albert Raines  0400578