United States District Court

Albert RAINES, Pro.se

vs

Comm of Massachusetts

Docket #
05-CV-10592-EFH

### Motion for Ex parte Injunction

Petitioner moves and states that on April 29, 2005, petitioner has cause a number of motion to be mailed, via Regular mail to Superior Court with copies to both the office of the District Attorney, as well as appointed defense Counsel. These motions are, to insure petitioners right to participate in his defense, to prevent a defense, to free and open access to the Court, as well as petitioners Right to represent himself. . . In as much as petitioner currently has a similar motion pending before the Court; 05-CV-10592-EFH, Petitioner. Petitioner Request this Honorable Court issue forthwith an Ex-parte Injunction; Court order, granting that the petitioner, defendant be able to participate in his own defense.

Therefore to prevent any further discriminatory action; This petitioner Request that an Ex-parte Injunction be issued to the Superior Court, Suffolk County setting dates for petitioners motions forthwith. This petitioner states there is no plain, adequate or complete remedy at Law, that an Irreparable Injury will result unless the Relief is granted, and that petitioner has the same or similar action currently pending Resolution before this Court on docket #05-CV-10592-EFH

Albert Raines pro-se #J40578
Albert Raines    Pro-se
200 Nashua Street
Boston, MA. 02114

5-9-05
Motion denied
Edward F. Harrington, S.D.J.

United States District Court

Albert Raines

vs

Comm of Massachusetts

Docket #05-10592-EFH

## Memorandum of Law

(1) Review of Habeas Corpus petition is matter of Courts discretion. Lewis v Delaware State Hospital D.C. Del 1980, 490 F. Supp 177

(2) If any Essential item has Been Omitted from petition for writ of habeas Corpus, the defect may be Cured by information appearing in Record. Dorsey v Gill App D.C. 1945, 148 F 2d 857, 80 U.S. App-D.C. 9 certiorari denied 65 S.Ct. 1580, 325 U.S. 890, 89 L.Ed 2003

(3) Once petition for writ of habeas Corpus is filed, unless Court is of the opinion that petitioner is not Entitled to an order to Show Cause, writ must Be awarded forthwith, or Order to Show cause must Be issued, And thereafter, if court concludes petitioner is entitled to Evidentiary hearing it must order one promptly. Harris v Nelson U.S. Cal 1969 89 S.ct 1082, 394 U.S. 286, 22 L.Ed 2d 281 Rehearing Denied 89 S Ct 1623, 394 1025, 23 L.Ed 2d 50

(4) After a petition for writ of Habeas Corpus has been filed, if it Satisfies Statutory Requirements. The Judge Should issue the writ forthwith Dorsey v Gill Supra.

(5) Federal Courts may not only grant evidentiary hearings to applicants for writ of Habeas Corpus but must do so upon appropriate showing. Harris v Nelson Supra

(6) If actual hearing in State Court was in any way inadequate or If the State Judge determination was not on the merits or was not supported By the Record. District court presented with Habeas petition must hold a factual hearing. U.S. Ex. Rel Hoodley v Mancusi D.C. N.Y. 1974 392 F. Supp 187

United States District Court

Albert Raines

vs.

Comm of Massachusetts

Docket #05-10592-EFH

## Memorandum of Law

(7) Habeas Corpus need not always issue in the first instance, but if prima facie showing is made on face of petition, Judge may hold hearing on order to show cause to determine whether sufficient grounds exists for issuance of the writ. Behrens v Hieronimus C. CA. 4 (W. Va) 1948, 166 F. 2d 245

(8.) State Prisoner was entitled to Evidentiary hearing on his petition for habeas corpus on grounds of Illegal arrest, Illegal search and seizures, denial of counsel at his interrogation, self incrimination, double Jeopardy and denial of due process. Pope v Turner C.A.10 (Utah) 1970, 426 F. 2d 733 Habeas Corpus 745.1

(9) In habeas proceeding, where a material issue of fact is presented it is the Courts duty to have petitioner produced in Court and hold a hearing at which an opportunity is offered to present evidence. Mc Gee v Hunter C.C.A. 10 (Kan) 1943, 138 F.2d 379 vacated 64 S.Ct. 1053, 322 U.S. 710, 88 L.Ed. 1553

(10) Federal Court has the largest power to control and direct the form of Judgement to be entered in cases brought up before it on habeas corpus. Thus a district court may exercise it broad authority in habeas cases to grant any relief it deems necessary, including the permanent discharge of a successful habeas petitioner. Bragg v Norris E.D.Ark 2000, 128 F. Supp 2d 587 Habeas Corpus 794.1

<u>Albert Raines</u>

Albert Raines Pro-se #0400575
200 Nashua Street
Boston, Mass 02114

Suffolk ss.                    Suffolk Superior Court
                               Criminal Division

Albert Raines
                                                    Docket # 04-10100
        vs
Comm of Massachusetts                                        001
                                                             002

### Certificate of Service

I, Albert Raines, swear by penalty and pains of the law that a true and correct copy of Atty/Client communication, plus the following motions; motion to Dismiss Speedy Trial Violation, motion to Produce material evidence or alternatively; motion to Dismiss Due to Lost or Destroyed Evidence affidavit and memorandum of law; motion for Disclosure of acts of Defendant allegedly relevant to the charges, Motion of the defendant to Be furnished with statements of Promises, Rewards or Inducements; motion to Identify Informant; motion to produce Reports, motion for notice of Expert testimony, have been mailed regular mail on/or about April 23, 2005 and in addition true and correct copies have been fax to the United States District Court Docket # 05-CV10592 EFH, Suffolk Superior Court Docket # 04-10100 and the District attorneys office % Jen Nickman Docket # 04-10100  Both fax and Regular mail have been Sent This day.

                              Albert Raines #0400578
                              200 Nashua Street
                              Boston MA. 02114

C United States District Court # Docket # 05-CV10592 EFH
  Suffolk Superior Court # Docket # 04-10100
  District attorneys office % Jen Nickman # Docket # 04-10100

Atty Campbell
101 Tremont Street
Fax 617-338-1345

April 22, 2005
Docket #04-10100

Atty Campbell,

    I am writing you in regards to the Suppression motion, you filed and the letter I received. Inasmuch as you disregarded my Request and Instruction in regards to filing a motion to Suppress, and your inability to be reached by phone or letter, and your failure to file the two motions (Loss or Destroy Evidence the Napkin) and (motion for a Bill of particulars) that I hand delivered to you on your visit here at Nashua Street Jail. It is my Opinion that you are not Representing my Best Interests. Wherefore be advised that, I am (1) fax a copy of this letter to the Courts both Superior Court as well as the Federal District Court. In Conjunction I am in addition mailing copies of this letter along with a certificate of Service that includes additional motions to be filed before May 10th so as the defendant may received and set future dates for all my motions to be heard.

Mr. Campbell, Be advised that it is my intention to file a motion asking to proceed Pro-se and have you Relieved as counsel of record...

To stop this action you must immediately file a Discovery motion for the Napkin in this case (Lost or destroyed evidence) as well as a motion for a Bill of Particulars. Both motions were hand written and given to you on your visit with the defendant at the jail. - 2ndly there are a number of other motions I have compiled to be filed before May 10 2005 So that dates may be received for each motion on May 10th 2005.

    Thanking you in advance

    Albert Raines

c. United States District Court #Docket #05-cv-10592 EFH

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

Suffolk, ss.                                          Superior COURT
                                                      DOCKET NO. 04-10100

COMMONWEALTH        )
                    )
            v.      )
                    )
Albert Raines       )
                    )

MOTION TO REMOVE COUNSEL
AND FOR ~~APPOINTMENT OF NEW COUNSEL~~ Proceed - Pro-Se

NOW COMES the defendant, Albert Raines, pro se, who respectfully moves the Court to remove the assigned counsel and to ~~appoint replacement counsel~~. Allow him to proceed Pro-Se

IN SUPPORT of this motion defendant states that defendant and assigned counsel have failed to communicate satisfactorily and this issue has threatened defendant's right to a fair trial.

Defendant requests that a hearing date for this motion be set as soon as possible, and that a Writ of Habeas Corpus ad Testificandum be issued to the Records Division of the Suffolk County Jail (fax: [617] 989-6754) so that the defendant may appear before the Court on the hearing date.

Very truly yours,

Date: 4/26/05

Albert Raines
(Signature)

Albert Raines, Pro Se
(Printed Name)
ID # 0400578
Suffolk County Jail
200 Nashua Street
Boston, MA 02114

Commonwealth of Massachusetts

Suffolk ss.                                                      Superior Court

Comm v Albert Rainer                #04-10100-001-002

### Motion for Disclosure of Acts of Defendant Allegedly Relevant to the charges

Now comes the defendant, and moves this Honorable Court to order the Commonwealth to disclose to him whether the Commonwealth intends to offer proof of acts of the defendant allegedly occurring before or after the offense charged, and if so, the particulars of the acts.

Defendant surmises that the prosecution may attempt to introduce these matters at trial of this case as purportedly relevant as a "consciousness of guilt" or as germane to purported "pattern of conduct." The defendant seeks notice of any other purported acts so that appropriate motions in limine may be prepared. E.g. Comm v Hightower, 400 Mass 267, 269-271 (1987). Comm v Yelle, 19 Mass App. Ct. 465, 471-472 (1985). Advance notice of the Commonwealth's intention to introduce extraneous acts is essential so that the admissibility vel non of such evidence may be determined outside of the Jury's presence. See Comm. v Rivera, 393 Mass 224, 230 1984. The requested information is also essential to preparation for trial, the effective assistance of counsel at trial, and due process of law, rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Articles XI and XII of the Massachusetts Declaration of Rights.

Respectfully Submitted
Albert Rainer #040578

200 Ashmun St.
Boston, Ma. 00114

Commonwealth of Massachusetts

Suffolk, ss.                                    Superior Court

Comm v. Albert Raines                    # 04-10-100-001-002

Motion of the Defendant to be Furnished with
Statements of Promises, Rewards or Inducements

Now comes the defendant in the above-entitled matter, and respectfully moves that this Honorable Court direct any and all information known to the Commonwealth or that by the exercise of due diligence can be ascertained by the Commonwealth of Statements of promises, inducements or rewards of any kind or nature made to any witness or witnesses that the Commonwealth intends to rely upon in support of the averments contained in the Complaint.

Respectfully Submitted
Albert Raines # 0400 578

200 Nashua Street
Boston, Ma. 02114

Suffolk, ss.

Commonwealth of Massachusetts

Suffolk SS                                   Superior Court
Comm v Albert Raines              # 04-10-100-001-002

Motion to produce Reports

Now comes the defendant in the above entitled matter, and moves this Honorable Court to order the Commonwealth to provide the defendant with any and all reports/documents relevant to the defendant and the charge of Distribution at the St. Francis House on or near 39 Boylston Street Boston.

Said Evidence is necessary for the preparation of the defendant's defense.

Respectfully Submitted
Albert Raines II 0800578

200 Nashua St.
Boston, MA. 02114

Commonwealth of Massachusetts
Suffolk SS.                                      Superior Court
Comm v Albert Raines              # 04-10100-001-002

Motion to Identify Informant

Now comes the defendant in the above entitled matter, and moves this Honorable Court to order the Commonwealth to provide the defendant with the name, address and date of Birth of the person who is alleged to have contacted police and provided information to the police which lead to the stop of the defendant and subsequent search of the defendant.

In support of this motion, the defendant states the Requested discovery is necessary to prepare a motion to Suppress and Litigate as well as present a defense.

Respectfully Submitted
Albert Raines #0400578

200 Nashua St.
Boston, MA 02114

Commonwealth of Massachusetts
Suffolk SS.                                Superior Court
                                          No. #04-10100-001-002

Comm v. Albert Raines

## Motion for Notice of Expert Testimony

Now comes the defendant in the above entitled action and hereby respectfully moves this Honorable Court to direct the Commonwealth to provide the defendant with notice of any expert testimony which it intends to present at trial.

In particular, the defendant requests that the Commonwealth provide him with:

(1) The names and addresses of any such witnesses;
(2) The expert's qualifications;
(3) The opinion to be offered, and the basis for that opinion;
(4) The details of any tests, including copies of any records, reports or tests, relied upon by the witness in forming his or her opinion.

The defendant states that such notice is essential to preparation of his defense and effective assistance of counsel, Sixth and Fourteenth Amendments to the United States Constitution; Article 12 of the Massachusetts Declaration of Rights.

Respectfully Submitted
Albert Raines #040578

200 Nashua St.
Boston, Ma. 02114

Suffolk County      Criminal Division      Superior Court

Albert Raines              Docket # 04-10100
vs                                                    001
Comm. of Massachusetts                 002

          Motion To Dismiss (Rule 36) and Constitutional Standard. (Speedy Trial)

The defendant moves, Pursuant to Mass R. Crim P. 36, A, B2 C and the Constitutional Standard, That the above entitled matter be dismissed due to the failure of the commonwealth to try him within one year after the arrest date and indictment date, less excludable time, as provided in Mass R. Crim P. 36.

     Rule 36; States the applicable Standard for the Speedy Trial Rights of those detained within the Commonwealth...

... Any person who is detained within the Commonwealth upon the unexecuted portion of a Sentence imposed pursuant to a Criminal Proceeding is entitled to be tried upon any untried indictment or complaint pending against him in any court in this commonwealth within the time prescribed by Subdivision (C) of this Rule...

... The defendant avers that waiver of a Fundamental Right cannot be assumed from a Silent Record. Barker v Wingo 407 U.S. 514, 92 S. Ct. 2182, 33 L Ed. 2d 101 (1972) See also State v. Williams Supra, 85 Wash 2d at 31-32, 530 P. 2d 225... The defendant is not bound by the decision or default of his Counsel at a time when he did not comprehend his rights. Humphrey v Cady. 405 U.S 504, 92 S Ct 1048, 31 L. Ed. 2d 394 (1972)...

... An attorney is without authority to waive any Substantive right of his Client unless Specifically authorized to do so. State v Dault 19 Wash. app. 709, 528 P 2d 43. Accord Morgan v Burks 17 Wash app. 193, 563 P 2d 1260 (1977) Cross v Will 10 Wash. app. 141, 149, 516 P. 2d 1063 (1973).

In determining whether defendant has been denied speedy trial, reasonableness of commonwealth action having significance with respect to delay, must be determined on consideration of special circumstances of each case.

... Criminal Law 577.15(4)/110K577.15(8) formerly 110K576(1) Key Issue was whether commonwealth took reasonable action to prevent undue delay in bringing defendant to trial. U.S.C.A. Const. Amend. 6 M.G.L.A. Const. pt. 1 art. 11... Comm. v. McGrath 348 Mass 748, 752, 205 N.E. 2d 710, 714... A defendant has no duty to bring himself to trial; the State has that as well as the duty of Insuring that the trial is consistent with due process... Barker v. Wingo (p527, 92 S.Ct p2190) ... Barker v. Wingo 407 U.S. 514, 528, 92 S.Ct. 2182, 33 L.Ed.2d 101

Wherefore it is prayed, that the above captioned case be Immediately dismissed for lack a wanta prosecution and for violation of Rule 36, and Speedy trial violation. Since there has not been a trial date set in over a year.

In Court we pray
Albert Raines Pro-se
Albert Raines #0400578
200 Nashua Street
Boston, Mass 02114

Suffolk County                                        Superior Court

Albert Raines                                         Docket # 04-10100
  vs                                                           001
Commonwealth of Massachusetts                                  002

### Affidavit

I swear the foregoing is true and correct by the pains and penalty of law;

(1) I swear I am Albert Raines, defendant in the above captioned case.

(2) That on January 22, I was arrested and continuously held in Nashua Street Jail on a $2500.00 Bail.

(3) That on February 18th I was informed that I was endicted in the Superior Court Suffolk County.

(4) That I, Albert Raines was arraigned on February 23, 2004 for the Charge(s) of Poss w/ intent in a School Zone, Class B and 2nd Subsequent.

(5) That I have been held on Bail continuously on said charges for over a year.

(6) That as of this date _____ 2005 I have not been set a trial date.

Date:                                    Sincerly Submitted

                                         Albert Raines #0400578 Pro-se
                                         200 Nashua Street
                                         Boston, Mass 02114

Suffolk County                                           Superior Court
                         Criminal Division

Albert Raines                                    Docket # 04-10100
   vs                                                      -001
Commonwealth of Massachusetts                              -002


                    Motion to Produce Material Evidence or
                    Alternatively, Motion to Dismiss, Due to
                    Lost or Destroyed Evidence


     The defendant moves, that the napkin in the above entitled case
be produced as material, an exculpatory evidence for the purpose
of DNA testing, and further the defendant moves, pursuant to
Mass R. Crim P. 13 Article 12 of Massachusetts Declaration of Rights
and the due process clause to the United States Constitution that
the above entitled matter be dismissed due to the Commonwealths
loss or destruction of evidence, thus denying the defendant his
right to a fair trial. Comm v Willie 400 Mass 807, 510 N.E. 2d 258
(1987) Comm v Olszewski, 401 Mass 749, 519 N.E. 2d 587 (1988) Comm v
Troy 405 Mass 253, 540 N.E. 2d 162 (1989)

     In the alternative, the defendant moves, that all testimony
and evidence relating to the lost or destroyed evidence be excluded
from trial. Olszewski, Supra at 753.


                              Albert Raines # 0400378 Pro Se
                              200 Nashua Street
                              Boston, Ma. 02114

Suffolk County                Superior Court
Criminal Division

Albert Raines                Docket # 04-10100
   vs                                             -001
Comm of Massachusetts       -002

## Memorandum of Law

The Supreme Judicial Court, In Comm v Olszewski, 401 mass 749, 519 N.E. 2d 587 (1988) set out in detail the law concerning lost or destroyed evidence. The Court started with Comm v Redding, 382 mas 154, 152, 414 N.E. 2d 347 (1980) which stressed that the prosecutor should make every effort to disclose to the defendant exculpatory evidence which is available to the prosecution. It was emphasized in that case Comm v St. Germain, 381 mass 256, 408 N.E. 2d 1358 (1980) that the "Police are part of the prosecution and that the Commonwealth is to be held responsible for Non-disclosure by them." Olszewski Supra at 753. Similarly, in Comm v Lam Hue To, 391 mass 301, 311, 461 N.E. 2d 776 (1984), The court, "defined prosecutorial misconduct to include not only lack of disclosure by the prosecutor but also the inept and bungling performance of the police, which is attributed to the prosecutor." Olszewski Supra. SJC in Comm v Gallarelli, 399 mass 17, 20 n. 4, 502 N.E. 2d 516 (1987), held the prosecutor responsible for the police loss of evidence despite the fact that he was unaware of it.

The Court recognized that the loss of Evidence, which is material and potentially exculpatory poses special problems for a defendant because he is put in a position where he is unable to establish the exculpatory nature of the lost or destroyed evidence. Because the evidence has been destroyed, it is no longer possible to determine whether the defendant would have obtained any evidence of an exculpatory nature had it been made available to him for inspection or examination.

To require the defendant at this stage to prove that the evidence was in fact exculpatory would, however, convert the disclosure duty established by Brady v Maryland 373. U.S 83 (1963) and its progeny into an empty promise, easily circumvented by suppression of evidence by means of destruction rather than mere failure to reveal. It was in this context that the court stated in Comm v Charles 397 Mass 1, 13-14 (1986) that we have repeatedly stressed the need for prosecutors and police to do their utmost to preserve and present exculpatory evidence which is available to the prosecution Olszewski Supra at 753-54.

In Comm v Neal 392 Mass 1, 464 N.E 2d 1356 (1984) the court indicated that, where the evidence is lost or destroyed, a defendant would be entitled to relief if he establishes a reasonable possibility, based on concrete evidence rather than a fertile imagination, that excess to the evidence would have produced evidence favorable to his cause. Id at 754 (Quotation marks and citations omitted.)

Submitted by

Albert Raines #0400571 Pro-se
200 Nashua Street
Boston, Mass 02114

Suffolk County              Commonwealth of Massachusetts            Superior Court

## Criminal Division

## Affidavit

Under Oat, I depose and state that;

1) My name is Albert Raines.
2) I am pro-se Counsel in this Honorable Court
3) I Allegedly Spit an unknown item in a napkin
4) The napkin an unknown item was Recovered and is alleged to Be Crack Cocaine.
5) The Contraban or Crack Cocaine, was Recovered outta the alleged napkin that Albert Raines Spit in.
6) The Napkin is material and contains Sleva (DNA) from Being Spit in.
7) Production an testing of the napkin will produce evidence Favorable to the defendants cause.
8) The production of the napkin will produce material and Exculpatory Evidence.

Submitted By

Albert Raines #0400578 pro-se
200 Nashua Street
Boston, Ma. 02114