UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT RAINES,<br>    Petitioner,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br>    Respondent. | Civil Action No. 05-10592-EFH |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Petitioner seeks this Court's writ of habeas corpus, apparently to require the state trial court where criminal charges against him are now pending to grant his motion to dismiss the indictments against him. This is not a claim upon which this Court could grant relief. At bottom, the claim fails because it is not based upon federal law. Even if the claim was cognizable in habeas corpus, it would be premature, both because habeas corpus does not lie to pretermit alleged errors in pending criminal proceedings, and because petitioner has failed to fully exhaust the procedures available to him to raise this claim in state court. The petition should be dismissed.

**A.  State Court Proceedings**

Petitioner, Albert Raines, was indicted by a Suffolk County grand jury in February, 2004, for possession with intent to distribute a controlled substance in a school zone, a violation of Mass. Gen. Laws c. 94C, §§ 32A(b) and 32J. *See* Supplemental Appendix at Tab A, pp. 3, 6. [hereinafter "Supp. App. at ___:___"]. Although represented by counsel, petitioner filed several *pro se* motions, including a motion to dismiss the indictment on the ground that the evidence presented to the grand jury was either insufficient to charge him with a crime, or was false (a so-

called "*McCarthy* Motion," after *Commonwealth v. McCarthy*, 430 N.E.2d 1195 (Mass. 1982)). Supp. App. at B:1-7. A similar motion was later filed by counsel. Supp. App. at C. On October 14, 2004, the court held a hearing on the issue and then denied the motion to dismiss the indictment.[1]

Petitioner then sought interlocutory relief from a justice of the Massachusetts Supreme Judicial Court, pursuant to M.G.L. c. 211, § 3. Supp. App. at D, E. The Commonwealth opposed the petition, Supp. App. at F, and, on January 19, 2005, the single justice issued a judgment denying the petition. Supp. App. at F. The indictment remains pending in the Superior Court. Supp. App. at A:6.

### B. The Petition is Unexhausted.

Petitioner has not exhausted the remedies available to him in state court. Title 28 U.S.C. § 2254(b)(1)(A) prohibits federal courts from entertaining habeas corpus petitions from prisoners who have failed to first pursue the remedies available to them in state court: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." As the Supreme Court has noted, this statute codifies the long-standing "principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex Parte Hawk*, 321 U.S.

---

[1] The trial court's docket appears to show that the court dealt with the motions together. Supp. App. at A:5 (noting that hearing was held on Paper #7 (the *pro se* motion) and that it was taken under advisement, and then noting that Paper #11 (the motion by counsel) was denied the same day.).

114, 117 (1944) (internal citations omitted); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (§ 2254 codifies the exhaustion doctrine as described in *Hawk*).  To promote this important interest in state sovereignty and to avoid the "unseemly" intervention of federal courts to correct errors that could be corrected if properly presented to state courts, the Supreme Court has insisted on a "rigorously enforced total exhaustion rule," one which requires not only that a particular claim be exhausted before relief can issue, but also that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 518-22.  In carrying out this "strict enforcement of the exhaustion requirement," *Rose*, 455 U.S. at 520, the First Circuit has held that a habeas corpus petitioner "bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).  This exhaustion rule applies equally to pretrial habeas petitions.  *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 302-03 (1984).

   Exhaustion of state court remedies with respect to a claim is only complete when that claim has been fairly presented to, and adjudicated by, the state's highest court, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254(c).  *See also Adelson*, 131 F.3d at 263.  Here, Petitioner presented his claim to a justice of the Supreme Judicial Court, but failed to appeal that judgment to the full bench of the S.J.C., as was his right.  Supreme Judicial Court Rule 2:21. Moreover, petitioner will, as *McCarthy* itself demonstrates, have the opportunity to raise this claim on direct appellate review in the event that he is convicted.  430 N.E.2d at 1197-98 (reversing conviction and remanding with directions to dismiss the indictment).  This court may not grant relief to petitioner until his claims have been exhausted by presentation to the highest court in Massachusetts–the full bench of the Supreme Judicial Court.

### C. Habeas Corpus Relief is Unavailable Before Trial.

As the First Circuit has explained, the strong policy against interference with pending state criminal proceedings embodied in the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine requires federal courts to refrain from entertaining pretrial habeas corpus petitions in almost all cases. *In re Justices of the Superior Court*, 218 F.3d 11, 17-18 (1st Cir. 2000). The only exceptions to this doctrine are double jeopardy and speedy trial claims, claims that are effectively irremediable after trial. *Id*. at 17, n. 5. Petitioner's claim is not the kind of special circumstance that permits federal interference with ongoing state criminal proceedings, and the petition should, accordingly, be dismissed pursuant to Rules 12(b)(1) and (6).

### D. Petitioner's Claims Rest On State, Not Federal, Grounds.

Although not entirely clear, it appears that petitioner's essential claim is that the indictment against him should be dismissed due to insufficiency evidence presented to the grand jury, or some other impropriety related to the grand jury process. This is not a claim upon which this Court could grant habeas corpus relief, since it is not based upon federal law.

Habeas corpus relief is available only to remedy violations of federal law, not claims made under state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. §2254(a) (habeas corpus may be sought by state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The amount and quality of evidence that must be presented to a grand jury are not matters regulated by federal law. The Fifth Amendment's guarantee of a grand jury indictment has never been incorporated into the Due Process Clause of the Fourteenth Amendment and is not applicable to the States. *Alexander v. Louisiana,* 405 U.S. 625, 633 (1972); *Hurtado v. California*, 110 U.S. 516 (1884).

Indeed, the federal constitution permits states to forego grand jury indictment altogether. *Hurtado*, 110 U.S. at 538. Thus, whether the procedures employed here and the evidence adduced were sufficient to support the grand jury's indictment is purely a question of Massachusetts law, and thus not a ground upon which this Court could grant habeas corpus relief.

### E. Conclusion

Petitioner has failed to plead a claim within this Court's jurisdiction and upon which habeas corpus relief could be granted. For these reasons, respondent's motion to dismiss should be allowed, and the petition should be dismissed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David M. Lieber
David M. Lieber (BBO# 653841)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext.2827

Dated: July 5, 2005                    ATTORNEYS FOR RESPONDENT