United States District Court

District of Massachusetts

Albert Rivas, petitioner

v

Comm of Massachusetts, Respondent

Civil Action 05-10592 EFH

TRAVERSE in Response To,
Respondents motion to Dismiss


Respondents first Allege that this petition for writ of habeas Corpus be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because petitioner has failed to exhaust the procedures available to him in State Court to pursue the claims he raises here. Petitioner alleges that the time for filing Such procedures has long since passed, However, this courts Jurisdiction can Be found in 28 U.S.C.A 2254 Part VI chapter 153 Section (d)(1) and (2) an application for a writ of habeas Corpus on behalf of a person in Custody pursuant to the Judgement of a State Court Shall Not be granted with respect to any Claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the Claim . . .

(1) Resulted in a decision that was Contrary to, or involved an unreasonable application of, Clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State Court proceeding.

Petitioner directs a Review of Paper #7 petitioners pro-se McCarthy motion places at Issue the facts ascertained in the Grand Jury minutes, That the material facts were not adequately developed at the State Court hearing. . . that the petitioner did not Receive a full, faire and adequate hearing in the State Court proceeding. . . That the petitioner was otherwise denied due process of law in the State Court proceeding.

Petitioner asserts that when an unknown or unnamed person (Informer) is the basis for police action, the two pronged standard of Aguilar-Spinelli are the first standard to be met. Aguilar v. Texas 378 U.S.108, 84 C+ 1509, 122 Ed. 2d 723 (1964) And Spinelli v. United States 393 U.S. 410 89 S ct 584, 21 L. Ed'ed 637 (1969) made applicable to this Commonwealth thru. Com v Upton 394 mass 363 373-378, 476 N E 2d 548, 553-558 (1985) See Grand Jury minutes pg 6 unis 20-24.

Petitioner Responds to the Unexhausted State Remedies and State ... How can the Commonwealth Refuse to hear a petitioners motion to proceed pro-se, pro-se motion for writ of habeas Corpus Pro-se motion for private Investigation, and Pro-se motion to Dismiss, papers Number 6 789 on the docket Sheet filed on 6-4-0 and then accused petitioners of not exhausting available Remedies ... Especially in light of the fact that this petitioner has been denied access to the Court By whatever scheme or mechanism as well as Refused a Colique to Represent himself.

Petitioner Quests access to the court is a Basic Federal and State Constitutional Right as is the Right to Represent ones Self- Petitioner has Been denied these Basic Rights.

In Regards to foot Note #1 in Respondents Show Cause Response to the application for writ. The Respondents Allege that Paper #7 was taken under advisement And that paper #11 was denied the Same day. . . Petitioner admits that it appears that paper #11 was denied the Same day However papers #6, 7, 8, 9 were Never Considered by the Judge on 10-14-2004 see exhibit A. In exhibit A ... On page 2 lines 19-21 District attorney Hickman admits to the Judge that there is ... One Issue Judge ... That issue is that there were two McCarthy Issues Filed AN a habea was not issued actually comes today's date. Here the District attorney Hickman is admitting to not affording due process to the petitioner.

But more Importantly, ... In Exhibit A page 10 petitioner defendant attempts to address the Court and is silenced by the Court. By[10] starting at line 4 of Exhibit A.

Clear the only motion that the Court and Judge heard or Considered was the McCarthy motion with the ~~two~~ memoranda which is paper #11 filed By attorney Santini Not paper #7 filed pro-se without a memoranda, on page #11 of Exhibit A line 11 thru 14 the Court Stated that it was'nt going to take it Right now ... And ... The only thing I had on the docket today was this matter And that's All that I'm Resolving. The Judge Clearly defined what he was considering and which McCarthy motion he Ruled on ... (Exhibit A pg 11 lines 21 thru pg 12-line 1) In Petitioners Motion he Contest the Entire complaint by way of Lack of Probable Cause. One McCarthy motion Request the Judge to Outright dismiss the case, the other McCarthy motion ask the Judge to Reduce. Exhibit A lines 6 & 8 pg 12 ...

Therefore ~~Petitioner~~ files for a writ of habeas corpus where the prosecution has denied petitioner access to the Court on one hand And then on the other hand assumes to denied Petitioner access to the ~~Seek~~ Federal Relief by gise of failure to Exhaust procedures Available. Petitioner is without Remedy.

•         •         •

Exhaustion Requirement in habeas corpus cases is not Jurisdictional, and would be Excused, where petition warranted Sua Sponte dismissal because facially without merit and to withhold so ordering for Lack of exhaustion would be idle formality. Rowell v Oesterle C.A. 5 (Fla) 1980 626 F.2d. 437

Preiser v Rodriguez U.S. N.y. 1973 93 S.Ct 1827, 411 U.S. 475, 36 L Ed. 2d. 439 ... Where he is imprisoned prior to trial/on account of defective indictment

Review of habeas Corpus petition is matter of court discretion Lewis v Delaware State Hospital D.C. Del 1980, 490 F.Supp 177.

Habeas petitioners failure to develope claim in state court
proceeding will be excused and hearing mandated if he can
show that fundamental mis carriage of Justice would Result
from failure to hold Federal Evidentiary Hearing Keeney v Tamayo
Reyes U.S. of 1992. 112 S. Ct. 1715, 504 U.S.; 1118 L. Ed. 2d 318 on
Remand 969 F.2d 859

...

Wherefore Petitioner prays an Evidentiary hearing is held to
Resolve the facts, when Counsel is appointed as a defendant loose
the Right to Free and open access to the Court to proceed pro-se
and/or loose all Substantive Rights.
. . . Federal Court has the largest power to Control and direct the
form of Judgment to be entered in cases brought up before it on
habeas Corpus; thus a district court may Exercise it broad
authority in habeas cases to grant any relief it deems necessary,
including the permanent discharge of a Successful habeas
petitioner Bragg v Norris E.D. Ark 2000. 128 F Supp 2d 587 Habeas
Corpus 724.1

...

This petitioner prays an Evidentiary hearing and/or any relief
this court deems available for lack of probable cause in the
case or alternatively to Resolve the factual issues in dis-pute.

...

...

...

...

...

...

Albert Kaine 564575
200 Atkins Street
Boston, Mass 02114

...

...

...

...

...

...

...

...

...

...

United States District Court
Office of the Clerk

Albert Raines, Petitioner

v=

Comm of Massachusetts, Respondent

Civil Action No. 05-10592-EFH

Certificate of Service

I, Albert Raines, petitioner, do Swear by the pains and penalty of Law, a true and Correct Copy of the within pleadings, (Traverse) and Exhibits have been mailed by Regular mail this day to : David M. Lieber Asst Attorney General, Criminal Bureau, One Ashburton Place, Boston, Mass 02108

Dated     July 8th 2005

Albert Raines
Albert Raines # 0400578
200 Nashua Street
Boston, Mass. 02114

Exhibit A

Exhibit A

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                              \*

**THE COMMONWEALTH OF MASSACHUSETTS**    \*   **NO. SUCR2004-10100**

                                              \*

**v.**                                                 \*

                                              \*

**ALBERT RAINES**                              \*   **14 OCTOBER 2004**

                                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION HEARING
BEFORE THE HONORABLE CHRISTOPHER MUSE
TRANSCRIPT OF PROCEEDINGS

APPEARANCES FOR:

The Commonwealth:   JENNIFER HICKMAN
                         Assistant District Attorney
                         One Bulfinch Place
                         Boston MA 02114

The Defendant:     FRANK J. SANTISI
                         Attorney At Law
                         727 High Street
                         Westwood, MA 02090

1                    P R O C E E D I N G S

2     [First call as to Commonwealth versus Albert Raines.]

3                 THE COURT:  Is Mr. Santisi here?

4                 MS. HICKMAN:  No, your Honor.  He was expecting

5     to be here about 11:00 or so.  He said he knew the

6     defendant was coming in either from Concord or Souza

7     Baranowski and that he would not be here.

8                 THE COURT:  It's an evidentiary motion to

9     dismiss?

10                MS. HICKMAN:  It's a McCarthy motion, your

11    Honor.

12                THE COURT:  It's a McCarthy.  Have you filed an

13    opposition to it?

14                MS. HICKMAN:  It should be in the court papers.

15    I filed it a couple of dates ago, Commonwealth's response

16    to it, and Attorney Santisi has it as well.

17                THE COURT:  All right.  Why don't you separate

18    that so I can look at the papers.

19                MS. HICKMAN:  One issue judge.  It was on the

20    other day and Mr. Raines was not brought in.  I'm told

21    that a habe actually issued on today's date?

22                THE COURT:  Let me look at the paperwork during

23    the break.

24                MS. HICKMAN:  Okay.  Thank you.

1          THE COURT:  And tell Mr. Santisi too.

2          MS. HICKMAN:  [Responding to the court officer]

3    Albert Raines?

4          THE COURT OFFICER:  He's here.

5          THE CLERK:  We put him on the jail list; he

6    should be here.

7          THE COURT OFFICER:  He's here.  Albert Raines

8    is here.

9          MS. HICKMAN:  Okay.  Thank you.

10          THE CLERK:  Further call on 35.

11    [Second call as to Commonwealth versus Albert Raines.]

12          THE CLERK:  Albert Raines, number 34 on today's

13    list; Albert Raines in the courtroom.

14          THE COURT:  Can you give me the memorandum I

15    saw before?  I had it up on my desk earlier.

16          THE CLERK:  Everything is still up there,

17    judge.

18          THE COURT:  Okay.  All right.  Mr. Santisi, you

19    say that the grand jury did not hear enough evidence?

20          MR. SANTISI:  I say with respect to so much of

21    the indictments, judge, the charged second offense --

22          MS. HICKMAN:  What?

23          MR. SANTISI:  I'm sorry.  So much of the

24    indictments that charge intent to distribute.

```
1              THE COURT:  Intent?

2              MS. HICKMAN:  Yes.

3              MR. SANTISI:  That's correct.

4              THE COURT:  Let me just get all the paperwork

5    together.  I have the Commonwealth's opposition and grand

6    jury minutes.  When we called the case earlier today we

7    had a memorandum.

8              [Addressing the clerk]  Do you know where it

9    is?  With the motion?

10             MR. SANTISI:  Judge, I can give the court --

11             THE COURT:  Well, let me your extra copy.  I'll

12   get it back to you; how's that?  I know I started to; in

13   fact, I was reviewing it.

14             All right.  I'll hear from you again.  You're

15   directing my attention to the -- of facts that support

16   distribution, and you indicated that there's simply no

17   evidence as a matter of law that the defendant intended

18   to distribute the cocaine in the napkin which he placed

19   on the desk in front him.

20             MR. SANTISI:  Judge, as a preliminary matter,

21   the grand jury must hear evidence that the defendant

22   probably intended to distribute drugs, and it's got to be

23   shown with specific facts in the grand jury minutes.  The

24   evidence in this case indicates that my client who was at
```

| | |
|---|---|
| 1 | the Saint Francis Homeless Shelter was sitting at a |
| 2 | table. At some point a woman -- a table or desk |
| 3 | -- a woman approached him and gave him some money. He |
| 4 | then took out his wallet and put the money into his |
| 5 | wallet in plain view, put the wallet back into his |
| 6 | pocket. The woman apparently, in a fair reading of the |
| 7 | grand jury minutes, was still in the area. At this point |
| 8 | the defendant put a napkin to his mouth and put the |
| 9 | napkin which contained about three-quarters of a gram of |
| 10 | cocaine on the table or desk or surface in front of him. |
| 11 | There's no indication that he pushed it towards |
| 12 | the woman, that he had conversation with the woman about |
| 13 | here are your drugs or things of that nature. At about |
| 14 | the same time when the defendant made this motion with |
| 15 | the drugs from his mouth, which I submit are equally |
| 16 | consistent with simple possession, a security guard from |
| 17 | the area walked in. The defendant then took this napkin |
| 18 | which covered and hid this |
| 19 | three-quarter gram of cocaine substance and put it on the |
| 20 | floor. |
| 21 | Those are the facts, period. There are no |
| 22 | other facts indicating that this defendant was involved |
| 23 | in handing drugs to another person or intended to hand |
| 24 | drugs to another person. In the customary case, judge, |

1    the Commonwealth proves an intent to distribute by a

2    large quantity of drugs or other indicia which simply

3    don't exist here.

4         Had my client made any motion to push the drugs

5    towards this woman or engaged in conversation that was

6    overheard by any person who testified before the grand

7    jury that in fact, here are your drugs or words of that

8    nature, I wouldn't be before the court arguing this

9    point.  That's the simple basis of the argument, judge,

10   in a nutshell.

11        THE COURT:  Okay.  What does the Commonwealth

12   say?

13        MS. HICKMAN:  Your Honor, Commonwealth would

14   argue that the grand jury did hear sufficient evidence

15   for the indictment.  There's a little bit more to the

16   facts, and I'm sure as the court reads the memorandum as

17   well as the grand jury minutes -- the officer involved

18   who made observations was an officer who had been in a

19   drug control unit for a number of years, had made over

20   300 arrests, was familiar with crack cocaine and how

21   crack cocaine is distributed as well as stored for

22   distribution.

23        When the officer is at the shelter doing a

24   detail an employee approached him and informed him that

| | |
|---|---|
| 1 | someone in the atrium was selling drugs. The officer |
| 2 | went to an area above the atrium and had a clear line of |
| 3 | sight of the defendant who was sitting on a bench who was |
| 4 | beneath him. During this observation of the defendant |
| 5 | the officer observed a number of individuals approaching |
| 6 | the defendant having conversations and then departing. |
| 7 | The facts of what make up the indictment part |
| 8 | of it, your Honor, is that a white female did approach |
| 9 | the defendant, there was a conversation. The female |
| 10 | handed U.S. currency to the defendant who took it out of |
| 11 | his[sic] wallet, put the money in his wallet. At that |
| 12 | time he placed a napkin to his mouth and spit an object |
| 13 | into it. |
| 14 | Contrary to what my brother said it wasn't -- |
| 15 | THE COURT: Hold it. So he took something from |
| 16 | his mouth and spit it into the napkin? |
| 17 | MS. HICKMAN: Correct. |
| 18 | THE COURT: This is the important part of it, |
| 19 | isn't' it? |
| 20 | MS. HICKMAN: I would say it -- |
| 21 | THE COURT: What does he do with the napkin? |
| 22 | MS. HICKMAN: What he does with it is he places |
| 23 | it on the ground. In the process of him spitting it out |
| 24 | and it appeared we would argue ready to hand it to the |

1            female, a shelter employee happened to walk into the

2            atrium and the defendant immediately set the item down on

3            the ground.  The woman leaves and he made no indication

4            of putting it into his pocket.  It's an item he spits

5            from his mouth, appears to be handing it to the female,

6            puts it to the ground.

7            When Officer Williamson comes down and

8            confronts the defendant, the defendant first disavows the

9            napkin then he says it's his trash.  And the officer when

10           he says "You really shouldn't keep trash on the ground"

11           it was only then that the defendant picked it up and

12           tried to hold onto it, and it was at that time the

13           officer asked to see what was in the napkin.  He opened

14           it and found the crack cocaine.

15           Throughout the memorandum, your Honor, probable

16           cause is the standard that we have to meet in this case.

17           You had an expert officer who had done hundreds of

18           arrests of crack cocaine and knew it --

19           THE COURT:  What did he say, other than the

20           obvious?  He said that crack dealers will sometimes keep

21           it in their mouth?

22           MS. HICKMAN:  Keep it in the mouth for storage

23           for distribution, and they would keep a small amount on

24           their person just for the situation if they get stopped

1       they can swallow the drugs on them.  The defendant made

2       no indicia of trying to act as if it was personal items

3       as argued by the defense.  If the drugs are for him, if

4       the reason is, it's for personal use, why does he place

5       them away from him and onto the ground?  What didn't he

6       place it into his pocket?

7              THE COURT:  Mr. Santisi, if he has it in his

8       mouth doesn't that suggest something?

9              MR. SANTISI:  Judge, I think the court can take

10      judicial notice that any person who has contraband,

11      including many small-time users, will place drugs in

12      their mouth especially when there's a security guard or a

13      police officer afoot.  The bare statement that drug

14      dealers hide drugs in their mouth is like saying that my

15      client is guilty of the Lindbergh baby kidnapping.  It

16      just doesn't make any sense and it strains reality.

17             THE COURT:  You have to be careful, watch out.

18      There might be some indictments coming from that.

19             MR. SANTISI:  I mean that's what you're really

20      looking at, judge.  The statement by the officer --

21             THE COURT:  No, I'm not.  They're laying down

22      three of four salient facts.  If cocaine were found on

23      his person, if it were found in his wallet, if it were

24      found in his sock, if it were found in his pocket, that's

| 1 | different than being found in his mouth.  What useful |
| 2 | purpose is having it in one's mouth?  To use it? |
| 3 | MR. SANTISI:  To hide it; simply to hide it. |
| 4 | THE DEFENDANT:  Your Honor, may I address the |
| 5 | court, please? |
| 6 | THE COURT:  No. |
| 7 | Go talk to your client; see if he has to say |
| 8 | anything. |
| 9 | MS. HICKMAN:  Commonwealth would also point out |
| 10 | that the defendant had $320 on him at the time of arrest. |
| 11 | MR. SANTISI:  Judge may I approach sidebar very |
| 12 | briefly, please? |
| 13 | THE COURT:  Yes. |
| 14 | |
| 15 | [Whereupon, the following discussion occurred at sidebar:] |
| 16 | MR. SANTISI:  He doesn't want me to work his |
| 17 | case anymore. |
| 18 | THE COURT:  You have to file a motion and we |
| 19 | can do it.  I'm going to take this matter under |
| 20 | advisement and I'll read the memoranda.  Like any other |
| 21 | case, if he wants you to be discharged, if you want to |
| 22 | withdraw, you file it; I'm not going to do it now. |
| 23 | MR. SANTISI:  All right.  Thank you. |
| 24 | [Whereupon, the discussion at side bar was concluded.] |

1          THE COURT:  All right.  I'm taking this matter

2    under advisement.  Mr. Raines if you have any motions

3    concerning representation it can be filed.  If you don't

4    understand how to file them I'm sure that Mr. Santisi

5    will advise you.

6          THE DEFENDANT:  Your Honor, I've already filed

7    it.

8          THE COURT:  Excuse me?

9          THE DEFENDANT:  I've already filed it to the

10   court.

11         THE COURT:  All right, but I'm not going take

12   it right now.  I'm sorry.  The only thing I had on the

13   docket today was this matter and that's all that I'm

14   resolving.

15         THE DEFENDANT:  Okay.  But, see, I filed --

16         THE COURT:  Just a second.  What is the next

17   scheduled event for this?

18         MS. HICKMAN:  At this point, it would be marked

19   up either for a motion to suppress or for trial

20   assignment.

21         THE COURT:  So why don't we do it for a status,

22   re: counsel, as well as -- well, your argument is that

23   only so much of the indictment that complains of

24   distribution should be dismissed.  You're not contesting

```
1          that simple possession remains, is that fair?

2                  MR. SANTISI:  Yes, judge.  At this point

3          though, right now, given the conversation that I just had

4          with my client, I'm not in a position really to address

5          the court at this point.

6                  THE COURT:  No, I think you did.  You already

7          told me that you're not asking me to outright dismiss,

8          you're asking me to reduce.

9                  MR. SANTISI:  That's correct.

10                  THE COURT:  All right.  And I'm going to take

11          that under advisement.  The reason I asked you is because

12          if I allow the motion there's still a case pending, and

13          that's all I'm suggesting to you.

14                  MR. SANTISI:  That's correct.

15                  THE COURT:  So no matter what I do with this

16          motion there will be at least a possession offense

17          remaining.

18                  MS. HICKMAN:  And a second offense.

19                  THE COURT:   Therefore something has to be done

20          with it.  So if there's a representational issue, mark it

21          up for a hearing in early November on that very issue and

22          status.

23                  MR. SANTISI:  Request, judge, November 5th for

24          status.
```

```
 1                    THE COURT:   That's fine.

 2                    MR. SANTISI:   I think Mr. Raines probably is

 3          going to request to be brought in at that time as well

 4                    THE COURT:   Yes.

 5                    THE COURT:   No, I'm going to have him on the

 6          jail list for that.

 7                    THE CLERK:   The matter is continued until

 8          November 5th.   The motion is taken under advisement;

 9          hearing re: counsel on November 5th; jail list.  That's

10          by order of the court.

11      [Whereupon, the matter was adjourned.]

12

13

14

15

16

17

18

19

20

21

22

23

24
```

## CERTIFICATE

I, Richard A. LeRoux, Court Reporter, hereby certify
that the foregoing transcript, pages 1 through
13, inclusive, is a true and accurate transcription of
my verbatim recording to the best of my knowledge,
skill and ability.

Richard A. LeRoux, Court Reporter

March 27, 2005

Commonwealth of Massachusetts
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## SUCR2004-10100
### Commonwealth v Raines, Albert

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 02/18/2004 | **Status** | Active (actv) | | | |
| **Status Date** | 01/21/2005 | **Session** | 1 - Criminal 1 Ctrm 704 | | | |
| **Jury Trial** | Unknown | **Origin** | I - Indictment | | | |
| **Lead Case** | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Arraignment** | 02/23/2004 | **Track** | I - Inventory | **Final PTC** | 05/23/2004 |
| **Disp. Deadline** | 02/22/2005 | | **Deadline Status** Deadline active since return date | **Status Date** | 02/23/2004 |
| **Pro Se Deft** | No | | **Custody Status** Suffolk County Jail (Nashua Street) | **Start Date** | 02/18/2004 |
| **Weapon** | | **Substance** | Class B | **Prior Record** | Unknown |

**OFFENSES**

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 01/22/2004 | 94C/32A/H | Plea of not guilty | 02/23/2004 |
| | DRUG, POSSESS TO DISTRIB CLASS B, SUBSQ. c94C s32A(b) | | | |
| 2 | 01/22/2004 | 94C/32J | Plea of not guilty | 02/23/2004 |
| | DRUG VIOLATION NEAR SCHOOL/PARK c94C s32J | | | |

**PARTIES**

**Plaintiff**
Commonwealth
Gender: Unknown
Active 02/18/2004

**District Atty's Office 567226**
Jennifer J Hickman
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114
Phone: 617-619-4000
Fax: 617-619-4009
Active 02/18/2004 Notify

**Defendant**
Albert Raines
Homeless
DOB: 05/04/1949
Gender: Male
Active 02/18/2004

**Private Counsel 441548**
Frank J Santisi
727 High Street
Suite 202
Westwood, MA 02090
Phone: 781-326-9222
Fax: 781-326-9211
Withdrawn 11/05/2004

**Private Counsel 075840**
Bruce W Carroll
61-63 Chatham Street
6th Floor
Boston, MA 02109
Phone: 617-720-1413
Fax: 617-227-4767
Inactive 04/19/2005

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

# SUCR2004-10100
## Commonwealth v Raines, Albert

**Private Counsel 071440**
John R Campbell
101 Tremont Street
Suite 416
Boston, MA 02108
Phone: 617-482-8882
Fax: 617-338-1345
Withdrawn 05/31/2005

**Private Counsel 481190**
Andrew Stockwell-Alpert
11 Beacon Street
Suite 1210
Boston, MA 02108
Phone: 617-720-4244
Fax: 617-275-8000
Active 05/31/2005 Notify

**ENTRIES**

| Date | Paper | Text |
|------|-------|------|
| 02/18/2004 | 1.0 | Indictment returned |
| 02/18/2004 | 2.0 | Motion by Commonwealth for arrest warrant to issue; filed & allowed ; Lauriat, J. |
| 02/18/2004 | | Warrant on indictment issued |
| 02/18/2004 | | Warrant was entered onto the Warrant Management System February 18, 2004 |
| 02/23/2004 | | Defendant brought into court. Warrant recalled. |
| 02/23/2004 | | Appointment of Counsel Frank J Santisi NAC sent (2/27/04) |
| 02/23/2004 | | Deft arraigned before Court |
| 02/23/2004 | | Deft waives reading of indictment |
| 02/23/2004 | | RE Offense 1:Plea of not guilty |
| 02/23/2004 | | RE Offense 2:Plea of not guilty |
| 02/23/2004 | | Deft notified of right to request drug exam |
| 02/23/2004 | 3.0 | Commonwealth files notice of discovery. |
| 02/23/2004 | | Bail set: $25,000.00 Surety or $2,500.00 Cash without prejudice. Bail warning read. Mittimus issued. Vaughan, Mag - J. Tynes for J. Hickman, ADA - ERD - F. Santisi, Attorney |
| 02/23/2004 | | Warrant canceled on the Warrant Management System February 23, 2004 |
| 03/29/2004 | | Defendant not present |
| 03/29/2004 | 4.0 | Pre-trial conference report filed |
| 03/29/2004 | 5.0 | Commonwealth files notice of discovery I. Wilson, Mag - J. Hickman, ADA - ERD - F. Santisi, Attorney |
| 04/07/2004 | | Defendant on video from Nashua Street Jail. Defendant's oral motion for reduction of bail, after hearing, denied. Walker, J. - J. Hickman, ADA - M. McDonald, Court Reporter - F. Santisi, Attorney. |
| 05/21/2004 | | Defendant not present. |
| 05/21/2004 | | Continued until June 16, 2004 for Filing of Motion to Dismiss by agreement. Wilson, MAG - J. Hickman, ADA - ERD - F. Santisi, Attorney. |

**Commonwealth of Massachusetts**

### SUFFOLK SUPERIOR COURT
#### Case Summary
#### Criminal Docket

## SUCR2004-10100
## Commonwealth v Raines, Albert

| Date | Paper | Text |
|------|-------|------|
| 06/04/2004 | 6.0 | Deft files pro se: motion for writ of habeas corpus. |
| 06/04/2004 | 7.0 | Deft files pro se: motion to dismiss. |
| 06/04/2004 | 8.0 | Deft files pro se: motion for leave to proceed pro se: |
| 06/04/2004 | 9.0 | Deft files motion for private investigation. |
| 06/16/2004 | | Defendant not present. |
| 06/16/2004 | | Continued until July 13, 2004 for Filing of Motion to Dismiss and Motion to Suppress by agreement. Wilson, MAG - ERD - F. Santisi, Attorney |
| 06/25/2004 | 10.0 | Deft files pro se supplement to McCarthy motion |
| 07/13/2004 | | Defendant not present. Continued to 8/18/04 re: Submission of Motion to Suppress. Wilson, Mag - J. Hickman, ADA - ERD - F. Santisi, Attorney |
| 08/18/2004 | | Defendant not present. |
| 08/18/2004 | 11.0 | Deft files motion to dismiss with affidavit and memorandum . Vaughan, MAG - J. Hickman, ADA - F. Santisi, Atty - ERD |
| 08/26/2004 | 12.0 | Defendant's motion for appointment of substitute counsel and/or leave to allow Atty. Frank Santisi to withdraw from further representation of deft., filed. |
| 09/22/2004 | | Defendant not present. Continued to 9/27/04 re: Motion to Dismiss (McCarthy). |
| 09/22/2004 | 13.0 | Commonwealth files opposition to defendant's motion to dismiss and supporting memorandum of law. Muse, J. - J. Hickman, ADA - A. McDonald, Court Reporter - F. Santisi, Attorney |
| 09/27/2004 | | Defendant not present. Continued to 10/6/04 re: Motion to Dismiss. (McCarthy, J.). (Counsel Unavailable on Trial). Muse, J. - J. Hickman, ADA - F. LeRoux, Court Reporter - F. Santisi, Attorney |
| 10/06/2004 | | Defendant not present in court, continued until October 14, 2004 by agreement re: motion to dismiss. (Jail list) Muse, J - J. Hickman, ADA - P. Napolitano, Court Reporter |
| 10/14/2004 | | Defendant brought into court. Hearing re: motion to dismiss - Paper #7. |
| 10/14/2004 | | Hearing on (P#7) motion to dismiss held, matter taken under advisement. |
| 10/14/2004 | | Continued until November 05, 2004 re: counsel and status re: findings of Muse, J. (Jail list) Muse, J - J. Hickman, ADA - R. LeRoux, Court Reporter - F. Santisi, Attorney |
| 10/14/2004 | | Motion (P#11) denied and endorsed. Muse, J. |
| 10/21/2004 | 14.0 | Ex-Parte Motion to Withdraw as Counsel, filed by Frank J Santisi |
| 11/05/2004 | | Defendant brought into court. Continued to 12/9/04 re: Status. |
| 11/05/2004 | | Motion (P#14) allowed |
| 11/05/2004 | | Appointment of Counsel Bruce W Carroll, pursuant to Rule 53. Ball, J. - P. Napolitano, Court Reporter - B. Carroll, Attorney |
| 11/08/2004 | | Nac sent 11/08/2004 |
| 12/09/2004 | | Defendant not present in court, continued until January 05, 2005 for Status at request of defendant. Defense Counsel on trial in Suffolk Superior Court. Wilson, MAG - C. Bartoloni for J. Hickman, ADA - ERD. |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

04:16 PM

## SUCR2004-10100
## Commonwealth v Raines, Albert

| Date | Paper | Text |
|---|---|---|
| 01/05/2005 | | Defendant not present in court, continued until January 14, 2005 for |
| | | Status re: Counsel and Pro-Se 211 3 Petition by order of the Court. |
| | | Wilson, MAG - J. Hickman, ADA - ERd. |
| 01/11/2005 | 15.0 | Deft files pro-se: mtoion to remove counsel and for appointment of |
| | | new counsel with affidavit in support of. |
| 01/14/2005 | | Defendant brought into court. hearing re: counsel. After hearing |
| 01/14/2005 | | Motion (P#15) allowed Gants, J |
| 01/14/2005 | | Appointment of Counsel John R Campbell, pursuant to Rule 53 |
| 01/14/2005 | | Continued to 2/7/05 by order of the court. re: status. Gants, J - |
| | | J. Hickman, ADA - J. Campbell, B. Carroll, Atty - C. bartholomew, CR |
| 01/21/2005 | 16.0 | Notice of Entry of appeal received from the Supreme Judicial Court |
| | | stating Judgement : Denying relief under C.211 S.3 without a hearing. |
| | | Sosman, J. |
| 02/07/2005 | | Defendant present in court, continued until February 17, 2005 for |
| | | status hearing at the request of deft. Wilson, MAG - C. Bartoloni for |
| | | J. Hickman, ADAs - ERD - J. Campbell, Attlorney |
| 02/17/2005 | | Defendant not present in court, continued until March 30, 2005 for |
| | | Filing of Motion to Supprss at request of defendant. Wilson, MAG - J. |
| | | Hickman, ADA - ERD - J. Campbell, Attorney |
| 03/22/2005 | 17.0 | Motion for Stenograph Transcript and Funds. |
| 03/22/2005 | | Motion (P#17) allowed $3.00 per page (Gary D Wilson, Magistrate) - |
| | | ERD |
| 03/30/2005 | | Defendant not present. |
| 03/30/2005 | | Continued until April 13, 2005 for filing a motion to suppress. |
| | | Wilson, MAG. - J. Hickman, ADA - ERD - J. Campbell, Attorney. |
| 04/13/2005 | | Defendant not present in court, continued until May 10, 2005 by |
| | | agreement to schedule motion to suppress. |
| 04/13/2005 | 18.0 | Deft files motion to suppress with affidavit in support thereof. |
| 04/13/2005 | 19.0 | Deft files identity percipient witness. Wilson, Mag - J. Hickman, |
| | | ADA - ERD - J. Miller, Attorney |
| 04/14/2005 | | Per order, Hinkle, RAJ, the within case is assigned for trial in |
| | | Drug/Gun session in July/August and is ordered advanced for trial |
| | | assignment conference on 05/26/05 in Criminal I, Room 704. Locke, J. |
| 05/10/2005 | | Defendant not present, event cancelled as case is already scheduled |
| | | in the justice session on 5/26/05. Wilson, MAG |
| 05/11/2005 | 20.0 | Deft files Pro-se Motion to remove counsel and proceed pro-se. |
| 05/11/2005 | 21.0 | Deft files Pro-Se Motion to produce material evidence or |
| | | alternatively, motion to dismiss due to lost or destroyed evidence |
| | | with affidavit and memorandum of law in support of. |
| 05/11/2005 | 22.0 | Deft files Pro-Se Motion to Dismiss ( Rule 36 ) and constitutional |
| | | standard ( Speedy Trial ) with affidavit in support of. |
| 05/11/2005 | 23.0 | Deft files Pro-SE Motion to identify informant. |
| 05/11/2005 | 24.0 | Deft files Pro-Se Motion to produce reports. |
| 05/11/2005 | 25.0 | Deft files Pro-SE Motion for notice of expert testimony. |
| 05/11/2005 | 26.0 | Deft files Pro-Se Motion of defendant to be furnished with statements |
| | | of promises, rewards or inducements. |

## SUCR2004-10100
## Commonwealth v Raines, Albert

| Date | Paper | Text |
|------|-------|------|
| 05/11/2005 | 27.0 | Deft files Pro-Se Motion for disclosure of acts of defendant allegedly relevent to the charges. |
| 05/26/2005 | | Defendant brought into court. Hearing re: counsel. |
| 05/26/2005 | | After hearing Paper #20 NOT Withdrawn but deemed WAIVED by order of court. |
| 05/26/2005 | | Withdrawal of appearance filed by John R Campbell |
| 05/26/2005 | | Appointment of Counsel Andrew Stockwell-Alpert, pursuant to Rule 53 |
| 05/26/2005 | | Continued to 6/22/05 request of defendant status re: discovery. |
| | | Commonwealth objecting thereto. Locke, J - J. Hickman, ADA - C. Johnson, CR - A. Stockwell-Alpert, Atty |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 02/23/2004 | Magistrate Ctrm 705 | Arraignment | Event held as scheduled |
| 03/29/2004 | Magistrate Ctrm 705 | Conference: Pre-Trial | Event held as scheduled |
| 04/07/2004 | Criminal 1 Ctrm 704 | Bail: Review | Event held as scheduled |
| | | at 2:00PM Video bail. Jail List. | |
| 05/21/2004 | Magistrate Ctrm 705 | Hearing: Non-eviden-Discovery | Event held as scheduled |
| | | Continued by agreement. Motions to be filed by 5/14/04. | |
| 06/16/2004 | Magistrate Ctrm 705 | Status: Filing deadline | Event held as scheduled |
| | | continuance by agreement re: Filing of Motion to Dismiss. | |
| 07/13/2004 | Magistrate Ctrm 705 | Status: Filing deadline | Event held as scheduled |
| | | continuance by agreement re: Filing of Motion to Dismiss and Motion to Suppress. | |
| 08/18/2004 | Magistrate Ctrm 705 | Status: Motion review/assignment | Event held as scheduled |
| | | Continued by agreement. Re: Submission of Motion to Suppress. | |
| 09/22/2004 | Criminal 1 Ctrm 704 | Hearing: Evidentiary-dismiss | Event held as scheduled |
| | | by agreement. Hearing re: motion to dismiss. (McCarthy) | |
| 09/27/2004 | Criminal 1 Ctrm 704 | Hearing: Evidentiary-dismiss | Event not held--joint request |
| | | Continued by agreement. Re: re: Motion to Dismiss (McCarthy). (Jail List). | |
| 10/06/2004 | Criminal 1 Ctrm 704 | Hearing: Evidentiary-dismiss | Defense attorney did not appear |
| | | Continued by agreement. Re: Motion to Dismiss. (McCarthy, J.). | |
| 10/14/2004 | Criminal 1 Ctrm 704 | Hearing: Evidentiary-dismiss | Event held--under advisement |
| | | Continuance by agreement | |
| 11/05/2004 | Criminal 1 Ctrm 704 | Hearing: Appt Counsel | Event held as scheduled |
| | | Continuance by order of Court re: counsel and findings by Muse, J. | |
| 12/09/2004 | Magistrate Ctrm 705 | Conference: Status Review | Event not held--req of Defendant |
| | | Continued by agreement. | |
| 01/05/2005 | Magistrate Ctrm 705 | Conference: Status Review | Event held as scheduled |
| | | continued at request of defendant | |
| 01/14/2005 | Criminal 1 Ctrm 704 | Conference: Status Review | Event rescheduled by court order |
| | | continued by order of the Court re: Counsel and Pro-Se 211 3 Petition. Notice sent to Atty. 1/5/05 | |
| 02/07/2005 | Magistrate Ctrm 705 | Conference: Status Review | Event not held--joint request |
| | | by order of the court. | |
| 02/17/2005 | Magistrate Ctrm 705 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 03/30/2005 | Magistrate Ctrm 705 | Status: Motion review/assignment | Event not held--req of Defendant |
| | | continued at request of defendant re: Filing of Motion to Suppress. | |
| 04/13/2005 | Magistrate Ctrm 705 | Status: Motion review/assignment | Event held as scheduled |
| | | continued by request of defendant Re: filing a motion to suppress. | |

MAS-20041213    Case 1:05-cv-10592-EFH    Document 11-2    Filed 07/11/2005    Page 20 of 20    06/06/2005

**Commonwealth of Massachusetts**

**SUFFOLK SUPERIOR COURT**

**Case Summary**

**Criminal Docket**

04:16 PM

## SUCR2004-10100
### Commonwealth v Raines, Albert

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/10/2005 | Magistrate Ctrm 705 | Status: Motion review/assignment | Event canceled not re-scheduled |
| | | Continued by agreement. Re: Scheduling of Motion to Suppress. | |
| 05/26/2005 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| | | COUNSEL REQUIRED TO APPEAR-SEE NOTICE OF SPECIAL ASSIGNMENT | |
| 06/22/2005 | Criminal 1 Ctrm 704 | Conference: Status Review | |
| | | by request of defendant. Status re: discovery. Commonwealth objecting thereto. | |